IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN LEWIS<br>615 Jackson Street, # 669<br>Jackson Center, Ohio, 45334<br><br>    On behalf of herself and all others<br>    similarly-situated<br>                            Plaintiff,<br>    v.<br><br>BUDGET HOST INN<br>("Budget I")<br>505 East State Street<br>Botkins, Ohio, 45306<br><br>    -and-<br><br>V.S.T., INC<br>d.b.a. "Finish Line Bar and grill<br>505 East State Street<br>Botkins, Ohio, 45306<br><br>    -and-<br><br>LATONIA MILLER<br>505 East State Street<br>Botkins, Ohio, 45306<br><br>    -and-<br><br>KELLY SCHWARTZ<br>505 East State Street<br>Botkins, Ohio, 45306<br><br>    -and-<br><br>BALAJI KRUPA INC.<br>3356 Central Parkway<br>Cincinnati, Ohio, 45225 | CASE NO. 3:23-cv-163<br><br>JUDGE: Michael J. Newman<br><br>**PLAINTIFF'S FIRST AMENDED**<br>**COLLECTIVE ACTION**<br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT AND THE OHIO MINIMUM**<br>**FAIR WAGES STANDARDS ACT**<br><br>(Jury Demand Endorsed Herein) |

|  |  |
|---|---|
| -and- | ) |
|  | ) |
| KAMLESHBHAI PATEL | ) |
| 3356 Central Parkway | ) |
| Cincinnati, Ohio, 45225 | ) |
|  | ) |
| -and- | ) |
|  | ) |
| BUDGET HOST INN | ) |
| ("Budget II") | ) |
| 3356 Central Parkway | ) |
| Cincinnati, Ohio, 45225 | ) |
|  | ) |
| Defendants. | ) |

# **INTRODUCTION.**

Through a deliberate scheme to avoid paying overtime and the minimum wage, Defendants Budget Host Inn, V.S.T, Inc., ("VST") and Latonia K. Miller (collectively, "Original Defendants") systematically failed to pay Plaintiff Megan Lewis and other similarly-situated, non-exempt employees the proper minimum wage or overtime. Accordingly, Original Defendants' conduct violated and continues to violate the Fair Labor Standards Act ("FLSA"), 29 U.S. Code § 207, and the Ohio Minimum Fair Wages Standards Act ("OMFWSA") Article II, Section 34a of the Ohio Constitution, and Ohio R.C. §§ 4111.02-4111.03. On behalf of herself and all other similarly situated employees, Lewis bring this collective action for the recovery of unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b) and under Ohio law. Additionally, Lewis brings individual claims for unlawful retaliatory termination under the FLSA and the OMFWSA, and a claim for successor liability against Budget Host Inn's new owner, Balaji Krupa, Inc ("Balaji") Members of the collective action are referred to as the "Collective Class Members." The following allegations are based upon information and belief, or personal knowledge as to Lewis's own conduct and the conduct and acts of others.

2

## PARTIES.

1. Lewis is an individual residing in Shelby County, Ohio. Lewis performed work for Defendants within the last three years for which she was not paid the minimum wage or overtime as guaranteed by the FLSA and the OMFWSA.

2. The Collective Class Members are all current and former non-exempt employees of Budget Host Inn and/or VST who were paid on an hourly basis, who have worked for Budget Host Inn and/or VST at any time during the last three years.

3. Budget Host Inn is a hotel/motel located at 505 East State Street Botkins, Ohio, 45306, that, prior to June of 2024, did business under the name of Jason G. Miller ("Budget I").

4. VST is an Ohio Corporation that operates and/or formerly operated as an on-site bar and restaurant at Budget Host Inn, whose principal place of business is also located at 505 East State Street Botkins, Ohio, 45306.

5. Latonia ("Tonya") Miller is an individual residing in Shelby County, Ohio. Upon information and belief, Tonya Miller is part-owner and/or principal of Budget I and VST.

6. Schwartz is an individual residing in Shelby County, Ohio.

7. At all times referenced herein, Schwartz was a General Manager for Budget I and/or VST.

8. During all times material to this Complaint, Budget I and VST were Lewis and the Collective Class Members' "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times referenced herein, Budget I and VST had a common business purpose, a unified operation, and common ownership, and form a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and form a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

3

10. This action was filed on June 14, 2023.

11. Subsequently, Lewis obtained service on Budget Host Inn, V.S.T, and Schwartz, who later defaulted.

12. At all times referenced herein, after Budget Host Inn, V.S.T, and Schwartz were served, Miller knowingly and deliberately took steps to avoid being served.

13. Subsequently, Miller sold Budget Host Inn to Balaji and Patel through an asset purchase agreement.

14. Budget I cancelled its trade name registration with the Ohio Secretary of State on or about June 3, 2024

15. Balaji and Patel registered the same trade name, Budget Host Inn ("Budget II"), on July 17, 2024.

16. Balaji and Patel currently own and operate Budget II using the same facilities, equipment, supplies, trade name, and employees.

## **PERSONAL JURISDICTION.**

17. From June of 2019 through June of 2024, Budget I operated a hotel in Ohio, hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over Budget I comports with due process.

18. VST is an Ohio Corporation, hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over VST comports with due process.

19. Miller is a resident of Tennessee and who owned and or rented property in Ohio between June of 2019 and June of 2024. As such, the exercise of personal jurisdiction over Miller comports with due process.

20. Balaji is an Ohio corporation that owns and operates a hotel in Cincinnati, Ohio, and the Budget II in Botkins, Ohio. As such, the exercise of personal jurisdiction over Balaji and Budget II comports with due process.

21. Patel is a resident of Ohio and who owns and/or rents property in Ohio. As such, the exercise of personal jurisdiction over Patel comports with due process.

22. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE.

23. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

24. Venue is proper in this District because Defendants do a sizeable portion of their business in this District; their principal place of business is located in this district; and the wrongs herein alleged occurred in this District.

## FLSA COVERAGE.

25. At all times referenced herein, Budget I and VST formed a single enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

26. At all times referenced herein, Budget I and VST engaged in related activities and was part of a unified operation, as VST is attached to Budget I; operated out of Budget I; shares employees and resources with Budget I; and have a common business purpose.

27. At all times referenced herein, Budget I and VST were jointly owned by the Millers.

28. At all times referenced herein, Budget I and VST were jointly controlled by the Millers.

29. At all times referenced herein, Lewis was subject to the individual coverage of the FLSA, as her primary job duties required her to engage in commerce by taking and making out of state phone calls and by processing credit card payments for out of state customer and for credit cards associated with or issued by banks located outside of Ohio.

30. At all times referenced herein, Tonya Miller and Jason Miller directly supervised Lewis and those similarly-situated; was responsible for determining how Budget I/VST would compensate Lewis and those similarly-situated for the hours they worked; and were "employer(s)" as that term is defined by 29 U.S.C. § 203(d).

31. At all times referenced herein, Tonya Miller, Jason Miller, and Schwartz were "person(s)" as that term is defined by 29 U.S.C § 203(a).

**OMFWSA COVERAGE.**

32. At all times referenced herein, Budget I and VST were the employer of Lewis and those similarly situated, as that term is defined by Section 34a, Article II of the Ohio Constitution.

33. Upon information and belief, in 2022, Budget I and VST had a gross annual income of $342,000.00 or more and were thus was required to pay a minimum wage to its hourly, non-exempt employees of no less than $9.30 per hour in 2022 and $10.10 per hour in 2023.

34. At all times referenced herein, Budget I and VST had a gross income of $150,000.00 or greater, and thus were required to pay overtime premiums under Ohio law when employees worked forty or more hours in a given workweek.

## FACTUAL ALLEGATIONS.

35. Defendants operate a hotel and restaurant located in Botkins, Ohio known as the "Budget I" and/or the "Western Ohio Inn" ("Hotel").

36. VST is attached to the Hotel and operates under the fictional name "Finish Line Bar and Grille." ("Restaurant")

37. VST maintains a liquor license under the name "Western Ohio Inn."

38. Lewis is a former employee of Budget I and VST.

39. Budget I and VST jointly employed Lewis and those similarly situated.

40. Lewis worked for Budget I and VST primarily at the Hotel's front desk.

41. At all times referenced herein, Lewis was directly supervised by Schwartz, Tonya Miller and Jason Miller.

42. From time to time, Lewis performed housekeeping work at the Hotel.

43. From time to time, Lewis was required to fill hotel ice machines with ice from the Restaurant.

44. Lewis was hired by Tonya Miller on or about December 6, 2022.

45. At all times referenced herein, Lewis was a non-exempt, hourly employee.

46. At all times referenced herein, Lewis was paid an hourly rate of $8.80 per hour.

47. Lewis never completed any IRS paperwork in connection with her hiring.

48. Lewis was paid via a Budget I personal checks and was never provided with a paystub.

49. During her employment with Defendants, Lewis regularly worked more than forty (40) hours per workweek.

50. Defendants either did not pay Lewis any wages at all for hours she worked in excess of forty (40) per workweek or paid her far less than the minimum wage for all hours worked.

51. On one or more occasions, Tonya Miller told Lewis that Lewis should consider any hours she worked over forty (40) in a week to be a "gift to the hotel."

52. Defendants did not pay Lewis overtime when she worked more than 40 hours per workweek.

53. Throughout Lewis' employment, Tonya Miller told her and other employees that Defendants were not required to pay the minimum wage or overtime.

54. Tonya Miller claimed that because Budget I allegedly grossed less than $342,000.00 in 2021, it was not required to pay the Ohio minimum wage or overtime ("Gross Income Claims")

55. Tonya Miller further stated the Gross Income Claims in written notes she posted at Budget I and at VST, such as the following note below:



56. Even if Tonya Miller's Gross Income Claims were true, it was unlawful for Defendants to determine their minimum wage obligations for December of 2022 based on their 2021 gross income, rather than on the twelve-month period between December of 2021 and December of 2022.

57. Even if Tonya Miller's Gross Income Claims were true, it was unlawful for Defendants to determine their minimum wage obligations for 2023 based on their 2021 gross income.

58. Even if Tonya Miller's Gross Income Claims were true, Defendants were still required to pay overtime under Ohio law.

59. Upon information and belief, Tonya Miller knowingly lied to Lewis and other employees about Budget I's gross income in order to facilitate Defendants' wage theft against Lewis and similarly situated employees.

60. On multiple occasions during Lewis' employment, Tonya Miller and Jason Miller made statements to Lewis and other employees that the business could "not afford" to have the government or lawyers "poking around" and threatened to "immediately" terminate anyone who contacted any government agency or lawyer about its practices ("Threats").

61. The Millers made the Threats to discourage employees from taking any action that would undermine their ongoing wage theft.

62. On or about May 19, 2023, Lewis obtained legal counsel.

63. On or about June 2, 2023, Lewis told Schwartz that she had obtained legal counsel because she believed that the Millers were "ripping off" her and other employees of the Hotel by paying subminimum wages and not paying overtime ("Wage Complaint").

9

64. Lewis believed that Schwartz was "on her side" and made the Wage Complaint to Schwartz in confidence, with the belief that Schwartz would not report the Wage Complaint to the Millers.

65. Upon information and belief, Schwartz disclosed Lewis' Wage Complaint and the fact that Lewis had obtained legal counsel to Tonya Miller and/or Jason Miller.

66. Upon information and belief, Tonya Miller and/or Jason Miller directed Schwartz to terminate Lewis once they learned about the Wage Complaint and the fact that Lewis had obtained counsel.

67. On June 5, 2023, Schwartz called Lewis and terminated her employment.

68. Upon information and belief, Schwartz was acting at the direction of the Millers when she terminated Lewis.

69. Alternatively, Schwartz acted independently when she terminated Lewis.

70. Schwartz did not provide Lewis with a reason for her termination.

71. Defendants terminated Lewis because she made the Wage Complaint.

72. Defendants terminated Lewis because she hired legal counsel to pursue claims for unpaid minimum wages and overtime against Budget I, VST, and the Millers.

## **COLLECTIVE ACTION ALLEGATIONS**.

73. Lewis incorporates by reference each of the allegations in the preceding paragraphs.

74. At all times referenced herein, Budget I and VST employed non-exempt employees who were paid less than the Ohio minimum wage and who were denied overtime pay.

75. Budget I and VST's failure to pay minimum wage and overtime is part of a company-wide scheme to engage in wage theft and was not unique to Lewis.

76. Budget I and VST's practice of not paying the Ohio minimum wage or overtime was not limited to Lewis and affected all members of the putative Collective Class similarly.

77. Lewis brings this as a collective action pursuant to 29 U.S.C. § 216(b) and Ohio R.C. § 4111.10(C) on behalf of herself and all similarly-situated individuals who are part of the following class:

> All persons who are or were employed by Budget I or V.S.T, Inc., for any length of time during the three years immediately preceding this action who were paid on an hourly basis.

78. Collective Action treatment of Lewis' FLSA and OMFWSA claims is appropriate because Lewis and the Collective Class Members have been subjected to the same company-wide, common business practice referenced herein and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Budget I and VST's company-wide practices failed to properly compensate the Collective Class Members for all hours worked.

## SUCCESSOR LIABILITY ALLEGATIONS.

79. Lewis incorporates by reference each of the allegations in the preceding paragraphs.

80. Patel is the owner of Balaji.

81. Balaji owns and operates a Budget Host Inn hotel in Cincinnati, Ohio.

82. In or around June of 2024, Balaji and Patel purchased the property used to operate the Budget I in Botkins, Ohio, through an asset transfer agreement.

83. In June of 2024, Miller cancelled her trade name registration of "Budget Host Inn" with the Ohio Secretary of State and Balaji and Patel filed their own registration for the trade name "Budget Host Inn."

84. Balaji and Patel own, operate, and/or lease the same real properties as did Budget I and V.S.T, and now operate those businesses as Budget II using the same trade name, "Budget Host Inn."

85. Budget II and Balaji are commonly owned by Patel.

86. Budget II retained substantially the same workforce as was employed by Budget I and V.S.T, to include Schwartz.

87. Budget II maintains the same website that was maintained by Budget I.

88. Budget II uses the same furniture and equipment, and provides the same services, as did Budget I and V.S.T.

89. Budget II retained and continue to perform under contracts Budget I and V.S.T. entered into with various vendors and suppliers.

90. There is a substantial continuity of business operations between Budget I and V.S.T and Budget II

91. Patel, Balaji, and Budget II had notice of Lewis' claims when they acquired the assets of Budget I and V.S.T.

92. As Budget I has been unwound and is longer registered with the Ohio Secretary of State, it is believed that Budget I can no longer provide the relief sought by Lewis in this action.

93. For the purposes of FLSA and/or OMFWSA liability, through Budget II, Balaji and Patel constitute a successor corporation to Budget I and/or V.S.T, and/or have assumed successor in interest liability through an asset transfer or sale. See *Huguley v. Gen. Motors Corp.*, 67 F.3d 129, 133 (6th Cir. 1995) (extending the federal common law of successor liability to employment cases) *Clark v. Shop24 Glob., LLC*, 77 F. Supp. 3d 660, 692 (S.D. Ohio 2015); *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763 (7th Cir.2013).

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT.

94. Lewis re-alleges and incorporates by reference the allegations set forth in paragraphs 1-92, above.

95. The FLSA requires each covered employer, such as Budget I and VST, to compensate all non-exempt employees at a rate of not less than $7.25 per hour.

96. The FLSA requires each covered employer, such as Budget I and VST, to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

97. Lewis and the Collective Class Members were not exempt from the right to receive at least the minimum wage under the FLSA during their employment with Budget I and VST.

98. Lewis and the Collective Class Members were not exempt from the right to receive overtime pay under the FLSA during their employment with Budget I and VST.

99. Lewis and the Collective Class Members are entitled to be paid overtime compensation for all overtime hours they worked.

100. At all times relevant to this Complaint, Budget I and VST had a policy and practice of not paying overtime to its hourly employees when they worked forty (40) or more hours in a given workweek.

101. At all times relevant to this Complaint, Budget I and VST had a policy and practice of not paying any wages to employees for hours worked over forty in a week, resulting in a regular rate for all hours worked be of less than the minimum wage.

102. Budget I, VST, and Miller either recklessly failed to investigate whether their failure to pay Lewis and the Collective Class Members overtime and minimum wages violated the Federal Wage Laws of the United States; they intentionally misled Lewis and the Collective Class

13

Members to believe that they were not required to pay overtime or minimum wages, and/or Budget I, VST, and Miller concocted a scheme pursuant to which they deprived Lewis and the Collective Class Members of the overtime pay and minimum wages they earned.

103. Budget I, VST, and Miller failure and refusal to pay Lewis and the Collective Class Members a regular rate of at least the minimum wage for all hours worked was willful, intentional, and not in good faith.

104. Budget I, VST, and Miller failure and refusal to pay Lewis and the Collective Class Members overtime for hours worked over forty (40) per workweek was willful, intentional, and not in good faith.

105. Lewis and the Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

106. Budget II, Balaji and Patel are liable for the FLSA violations of Budget I and VST.

**COUNT II: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT.**

107. Lewis re-alleges and incorporates by reference the allegations set forth in paragraphs 1-104, above.

108. Ohio R.C. § 4111.02 requires employers to pay a minimum wage of at least "the wage rate specified in Section 34a of Article II, Ohio Constitution."

109. Ohio R.C. § 4111.03 provides that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA]…"

14

110. At all times relevant to this Complaint, Budget I and VST had a policy and practice of not paying overtime to its hourly employees when they worked forty (40) or more hours in a given workweek.

111. At all times relevant to this Complaint, Budget I and VST had a policy and practice of not paying any wages to employees for hours worked over forty in a week, resulting in a regular rate for all hours worked be of less than the minimum wage.

112. Lewis and the Collective Class Members are entitled to all legal and equitable remedies available for violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

113. Budget I, V.S.T, and Miller violated the OMFWSA when they failed to pay the Ohio minimum wage to Lewis and the Collective Class.

114. Budget I, V.S.T, and Miller violated the OMFWSA when they failed to pay overtime to Lewis and the Collective Class for hours they worked over forty (40) in a given workweek.

115. Lewis and the Collective Class Members are entitled to all legal and equitable remedies available for violations of the OMFWSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the OMFWSA.

116. Budget II, Balaji and Patel are liable for the OMFWSA violations of Budget I and VST.

**COUNT III: UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(A)(3).**

117. Lewis re-alleges and incorporates by reference the allegations set forth in paragraphs 1-115, above.

118. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful for any person to retaliate against another person who seeks to enforce her rights under the FLSA.

119. Within days of Lewis' informing Schwartz that she had hired legal counsel because she believed that she was not being paid proper wages under the FLSA, Budget I, V.S.T, Miller, and Schwartz terminated Lewis.

120. Budget I, V.S.T, Miller, and Schwartz terminated Lewis because of her Wage Complaint.

121. Budget I, V.S.T, Miller, and Schwartz violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning retaliation by taking adverse actions against Lewis because she engaged in protected activity by making the Wage Complaint.

122. As a result of Budget I, V.S.T, Miller, and Schwartz's retaliation against Lewis in violation of 29 U.S.C. § 215(a)(3), Lewis has lost wages, compensation, and other benefits, thereby entitling Lewis to injunctive, equitable, and compensatory monetary relief.

123. As a result of Budget I, V.S.T, Miller, and Schwartz's retaliation against Lewis in violation of 29 U.S.C. § 215(a)(3), Lewis has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

124. Lewis is entitled to all legal and equitable remedies available for Budget I, V.S.T, Miller, and Schwartz's violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, emotional distress damages, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

125. Budget II, Balaji and Patel are liable for the retalitory FLSA violations of Budget I and VST.

## COUNT IV: RETALIATION BASED ON PROTECTED WAGE COMPLAINTS IN VIOLATION OF ARTICLE II, SECTION 34A OF THE OHIO CONSTITUTION.

126. Lewis re-alleges and incorporates by reference the allegations set forth in paragraphs 1-123, above.

127. Pursuant to Article II, Section 34a of the Ohio Constitution, "[n]o employer shall discharge or in any other manner discriminate or retaliate against an employee for exercising any right under this section or any law or regulation implementing its provisions or against any person for providing assistance to an employee or information regarding the same."

128. Lewis engaged in activity protected by Article II, Section 34a of the Ohio Constitution when she made the Wage Complaint.

129. Budget I, V.S.T., and Miller took adverse action against Lewis in response to her protected activity by terminating her employment.

130. There is a casual link between the adverse actions and the employment actions herein, including the termination of Lewis.

131. As a result of Budget I, V.S.T., and Miller's acts, Lewis has suffered and will continue to suffer damages.

132. Pursuant to O.R.C § 4111.14(J), Lewis is entitled to an amount set by the court sufficient to compensate the Lewis and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

133. Lewis is entitled to all legal and equitable remedies available for Defendants' violations of the OMFWSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, emotional distress damages, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the OMFWSA.

134. Budget II, Balaji and Patel are liable for the retalitory OMFWSA violations of Budget I and V.S.T.

## **PRAYER FOR RELIEF.**

WHEREFORE, Plaintiff Megan Lewis requests judgment in her favor against Defendants containing the following relief:

(a) Designating this action as a collective action on behalf of Lewis and the Collective she seeks to represent pursuant to the FLSA and the OMFWSA, issuing notice pursuant to 29 U.S.C. § 216(b) and Ohio R.C.§ 4111.10(C) to Collective Class Members apprising them of the pendency of this action, which will permit them to assert timely claims in this action by filing individual consent to sue forms, and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to *Clark v. A&L Homecare and Training Center, LLC*, 2023 WL 3559657 (C.A.6 (Ohio), 2023).

(b) Designating Lewis as a representative for the Collective Class Members;

(c) Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 et seq;

(d) Awarding Lewis and the Collective Class Members unpaid minimum wages and overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(e) Awarding Lewis back wages and front pay in an amount to be determined at trial;

(f) Awarding Lewis compensatory damages, to include emotional distress damages, on her retaliation claim;

(g) Awarding pre-judgment and post-judgment interest as provided by law;

(h) Awarding reasonable attorneys' fees and costs; and

(i) Awarding such other and further relief that this Court deems appropriate.

Respectfully submitted,

*/s/Chris P. Wido*
Chris Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**
3 Summit Park Drive, Suite 200
Independence, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email:  Chris.Wido@Spitzlawfirm.com

*Attorney for Plaintiff Megan Lewis*

## **JURY DEMAND**

Plaintiff Megan Lewis demand a trial by jury by the maximum number of jurors permitted.

*/s/Chris P. Wido*
Chris P. Wido (0090441)
**SPITZ, THE EMPLOYEE'S ATTORNEY**