UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MEGAN LEWIS, *et al.*,

      Plaintiffs,

vs.

BUDGET HOST INN, *et al.*,

      Defendants.

Case No. 3:23-cv-163

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. No. 28)**

---

This matter is before the Court on Defendant Botkins Hotel, LLC's ("Botkins") motion to dismiss. Doc. No. 28. Plaintiff Megan Lewis ("Lewis") alleges that Defendants failed to pay her and others minimum wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wages Standards Act ("OMFWSA"). Doc. No. 20 at PageID 178-181. Lewis also alleges Defendants retaliated against her after raising complaints about wage violations. Doc. No. 20 at PageID 181. This case is before the Court on Botkins's Fed. R. Civ. P. 12(b)(7) motion to dismiss Counts I (FLSA violation) and III (retaliation) for failure to join a necessary party under Rule 19. Doc. No. 28. In response to the motion, Lewis filed a memorandum in opposition (Doc. No. 29), and Botkins replied (Doc. No. 30). Thus, the motion is ripe for review.

**I.**

Rule 12(b)(7), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

At the motion to dismiss stage, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.

When determining whether to dismiss an action for failure to join an indispensable party, pursuant to Fed. R. Civ. P. 12(b)(7), the Court must apply a three-step analysis. Fed. R. Civ. P. 19; *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir.1987).

> *First*, the court must determine whether an absent party is necessary to the resolution of the litigation and should be joined if possible. Fed. R. Civ. P. 19(a). If the absent party is not "necessary," no further inquiry is required. *Second*, if the court concludes that the absent party is "necessary," the court must then determine whether the party is subject to the court's jurisdiction and, thus, can be joined. If personal jurisdiction exists and venue is proper, the absent party *must* be joined. *Id.*; *Keweenaw Bay Indian Community v. State of Mich.*, 11 F.3d 1341, 1345–46 (6th Cir.1993). If the court lacks jurisdiction over the absent party, the court proceeds to the *third* step, *i.e.*, it must determine whether it may proceed without that party or, conversely, must dismiss the case due to the party's indispensability. Fed.R.Civ.P. 19(b).

*Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1041-42 (S.D. Ohio 2002) (emphasis in original). Rule 19(a) requires that a party be joined if "in the person's absence complete relief cannot be accorded among those already parties." Fed. R. Civ. P. 19(a).

Botkins argues that the Estate of Jason Miller ("Estate"), the late owner of the Budget Host Inn, is a necessary party because successor liability cannot be applied without joining the Estate as a party. Doc. Nos. 28, 30. Lewis, on the other hand, argues that successor liability applies here; therefore, the Estate is not a necessary party because FLSA liability can be accorded to the defendants already in the case. Doc. No. 29. In other words, the Court must make an initial, but not final, determination on successor liability.

To determine the applicability of successor liability in the employment context, courts balance "1) the interests of the defendant-employer, 2) the interests of the plaintiff-employee, and 3) the goals of federal policy, in light of the particular facts of a case and the particular legal obligation at issue." *Cobb v. Cont. Transp., Inc.*, 452 F.3d 543, 554 (6th Cir. 2006) (citing *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir.1974)). In balancing these competing interests and goals, courts weigh nine-factors, including:

> (1) whether the successor company has notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether the new employer uses the same plant; (4) whether there has been substantial continuity of business operations; (5) whether the new employer uses the same or substantially same workforce; (6) whether the new employer uses the same or substantially same supervisory

3

personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether [the defendant] uses the same machinery, equipment and methods of production; and (9) whether [the defendant] produces the same product.

*Id.* (citing *MacMillan*, 503 F.2d at 1094).

Botkins suggests that the second factor is dispositive here, and the Estate is a necessary party to complete the second factor analysis. Doc. No. 28 at PageID 210; Doc. No. 30 at PageID 249-252. It's not. *See Cobb*, 452 F.3d at 554 (requiring courts to weigh several factors); *Comer v. Directv, LLC*, No. 2:14-CV-1986, 2016 WL 853027, at *6 (S.D. Ohio Mar. 4, 2016) (considering successor liability when a party was not included in the complaint). At this early stage, Lewis has alleged enough of the *Cobb* factors to suggest at least a plausible case of successor liability. *See generally* Doc. No. 20. Moreover, courts routinely impose successor liability even where the predecessor is defunct, insolvent, or otherwise unavailable—as is the case here. *See Comer*, 2016 WL 853027, at *6 (holding that successor liability is not precluded simply because the predecessor entity could theoretically provide relief). Consequently, Botkins has failed to show that the Estate is a necessary party to this case under Rule 19.

**III.**

Accordingly, Botkins's motion to dismiss (Doc. No. 28) is **DENIED**.

**IT IS SO ORDERED.**

April 10, 2025                                    s/*Michael J. Newman*
                                                 Hon. Michael J. Newman
                                                 United States District Judge

4