**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| MEGAN LEWIS, | : | Case No. 3:23-cv-163 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BUDGET HOST INN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## REPORT AND RECOMMENDATION[1]

---

This civil case is before the Court following *pro se* Plaintiff's failure to respond to the Court's Orders to Show Cause. (Doc. #s 35, 38, 39).

On February 5, 2026, United States District Judge Michael J. Newman ordered Plaintiff to show cause, by February 20, 2026, concerning (1) whether she has properly effected service of summons on the remaining named defendants; and (2) whether she intends to seek an entry of default and default judgment on any remaining named defendant pursuant to Fed. R. Civ. P. 55. (Doc. #35). Judge Newman informed Plaintiff that if she failed to file a timely response to the Order, her case may be dismissed for absence of timely service, *see* Fed. R. Civ. P. 4(j), or for failure to prosecute, *see Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962). *Id.* at 35.

Shortly thereafter, on February 13, 2026, Plaintiff's attorney filed a Motion to Withdraw as Counsel. (Doc. #36). The undersigned issued an Order informing Plaintiff of her attorney's Motion and instructing her to respond by March 6, 2026. (Doc. #37). Plaintiff did not file a response to her attorney's Motion, and on March 24, 2026, the undersigned granted the Motion to

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

Withdraw as Counsel.  (Doc. #38).  In that Order, the undersigned extended Plaintiff's deadline to show cause in accordance with District Judge Newman's Order to Show Cause.  *Id.* at 275; *see also* Doc. #35.  Finally, the undersigned informed Plaintiff that if she failed to file a timely response to the Order to Show Cause that her case may be dismissed for absence of timely service or for failure to prosecute. (Doc. #28, *PageID* #275).  Plaintiff, however, failed to respond to the Court's Order.

In an abundance of caution, the Court provided Plaintiff with one final opportunity to show cause as ordered by District Judge Newman.  (Doc. #39).  The undersigned ordered Plaintiff to show cause by June 5, 2026, concerning (1) whether she has properly effected service of summons on the remaining named defendants; and (2) whether she intends to seek an entry of default and default judgment on any remaining named defendant pursuant to Fed. R. Civ. P. 55.  *Id.*  The undersigned advised Plaintiff that if she failed to file a timely response to the Order to Show Cause her case may be dismissed for absence of timely service or for failure to prosecute.  *Id.* at 277. Plaintiff failed to respond to the Court's Order to Show Cause, and the time for doing so has now elapsed.

Under Rule 41(b) of the Federal Rules of Civil Procedure, courts have the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citations omitted)

2

When contemplating dismissal of a case under Rule 41(b), a court must consider four factors:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). In the present case, these factors weigh in favor of dismissal.

Under the first factor, to support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault, the Sixth Circuit has found that a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where plaintiff failed to respond to discovery requests and a motion to compel; failed to comply with a court order; and failed to oppose a motion to dismiss even after the district court granted an extension of time to do so). Here, Plaintiff has failed to respond to the Court's Orders on several occasions. *See* Doc. #s 35, 38, 39. Plaintiff's disregard for the Court's Orders to Show Cause clearly evidences her reckless disregard for how her actions, or inactions, impact her case. Such a finding is underscored by the fact that Plaintiff was notified in all three Orders that her failure to comply could result in dismissal. *See* Doc. #s 35, 38, 39.

Turning to the second factor, the Sixth Circuit has held that a defendant is prejudiced by plaintiff's conduct where defendant "waste[d] time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529

3

F.3d 731, 737 (6th Cir. 2008).  Here, as it is not clear that Plaintiff has served Defendants, the record does not establish that Defendants have been prejudiced by the delay.  The Court notes that unnecessary delay could prejudice Defendants but nonetheless finds that this second factor applies neutrally at this time.

As for the third factor, the Sixth Circuit has consistently held that "[p]rior notice, or the lack thereof, is ... a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute.  *Schafer,* 529 F.3d at 737; *see also Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 615 (6th Cir. 1998). In this case, Plaintiff has been advised on three separate occasions that failure to respond to the Court's Order could result in dismissal for failure to prosecute.  (Doc. #s 35, 38, 39). Thus, this factor weighs in favor of dismissal.

Last, the Sixth Circuit has found that Orders to Show Cause are sufficient to satisfy the fourth factor in the test for failure to prosecute.  *Rogers v. City of Warren*, 302 F. App'x 371, 378 (6th Cir. 2008).  In *Rogers,* the Sixth Circuit accepted the district court's reasoning that:

> In light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct. The Plaintiff has not responded in any discernible manner to the Court's order to show cause—therefore, it is highly unlikely that any order imposing a lesser sanction would trigger a response.

*Id.* at 378.  In this case, given Plaintiff's repeated failures to respond to the Court's Orders, the undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances.

Accordingly, the undersigned **RECOMMENDS** that this case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute her case.

June 10, 2026

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

4

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).